# KING & SPALDING

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel: +1 213 443 4355
Fax: +1 213 443 4310
www.kslaw.com

Dale Giali
Partner
Direct Dial: +1 213 443 4329
Direct Fax: +1 213 443 4310
DGiali@KSLAW.com

VIA ECF

May 8, 2023

Honorable Nelson S. Román
U.S. District Court for the Southern District of New York, White Plains Division
300 Quarropas Street, Courtroom 218
White Plains, NY 10601-4150

      Re: *Tyrnauer v. Ben & Jerry's Homemade, Inc.*, No. 7:23cv1877

Dear Judge Román:

On behalf of defendant Ben & Jerry's Homemade, Inc., we request a pre-motion conference regarding its proposed motion to dismiss the complaint of plaintiff Dovid Tyrnauer.

*Background*

Ben & Jerry's makes delicious super premium ice cream and does so in a way that demonstrates its commitment to fighting for social and environmental justice. *See* Compl. ¶ 1, 15, 19, 23. As the complaint acknowledges, Ben & Jerry's does this by, among other things, adopting corporate policies like Caring Dairy and partnering with dairy farm worker-led Milk with Dignity to not only support the rights of dairy farm workers, but also responsible and environmentally conscious farming practices. Compl. ¶¶ 2, 15 & nn.2, 3.

Although this is ostensibly a false advertising case about labor practices at dairy farms in the Ben & Jerry's supply chain, plaintiff does not allege that any statements on Ben & Jerry's product labels are deceptive. Instead, plaintiff contends that a February 25, 2023 New York Times article about migrant child labor asserted that at least one dairy farm in Vermont employed a migrant child laborer, and that this dairy farm could be in Ben & Jerry's supply chain. From that, plaintiff alleges that Ben & Jerry's entire brand messaging that it is a "better" company that acts in an ethical way is deceptive. According to plaintiff, the fact that migrant child labor may exist in Ben & Jerry's supply chain is contrary to the "ingrained . . . ethos," of Ben & Jerry's "image" and "branding messag[e] of having the highest values and self-imposed standards." *Id*. ¶¶ 18-19, 29. Plaintiff then concludes that had he known the "truth," *i.e.*, that, according to the New York Times, "at least one" (*id*. ¶ 48) dairy supplier potentially in Ben & Jerry's supply chain may have used migrant child labor, he would not have purchased, or would have paid less for, Ben & Jerry's ice

Hon. Nelson S. Román
May 8, 2023
Page 2

cream (*id*. ¶ 11). Based on those allegations, he asserts claims on behalf of himself, and consumers nationwide, for violation of New York's GBL §§ 349, 350 and breach of warranty.

### Ben & Jerry's Anticipated Motion to Dismiss

***First***, the complaint should be dismissed on Article III standing grounds because plaintiff fails to allege an injury in fact. In a putative class action, the named plaintiff must establish an injury to himself. *Mahon v Ticor Tit. Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012). Here, plaintiff purchased super premium ice cream and received exactly that, and he does not allege otherwise. Plaintiff's professed injury—a disappointment regarding the possible existence of migrant child labor in the United States as reported by the New York Times—is insufficient to demonstrate an injury in fact. Among other things, plaintiff may not base a claim on not receiving a benefit he *thought* he was owed. Rather, he "must show that [he] did not receive a benefit for which [he] *actually bargained*." *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 706 (9th Cir. 2020) (emphasis added). Plaintiff does not allege (nor could he) that Ben & Jerry's promised him a product that was sourced, manufactured, and sold without the possibility that a single migrant child worker might have, at some unknown time in the past, worked on a dairy farm that produced milk that might have made its way into the Ben & Jerry's supply chain. His alleged subjective expectation on that issue was never part of the basis of his bargain and is not actionable.

Plaintiff, now aware of the alleged deception, does not have standing to pursue injunctive relief, either. *Berni v. Barilla S.P.A.*, 964 F.3d 141, 146-47 (2d Cir. 2020).

***Second***, the complaint should be dismissed because it fails to plausibly allege false advertising, *i.e.*, that any consumer facing statement made by Ben & Jerry's is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *See Kommer v. Bayer Consumer Health*, 710 Fed. App'x. 43, 44, (2d Cir. 2018) (GBL claims governed by the reasonable consumer standard); *Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 185 (E.D.N.Y. 2018) (breach of express warranty claim is governed by same reasonable consumer standard). "It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) ("plaintiff . . . may not misquote or misleadingly excerpt . . . advertisement"); *Oldrey v. Nestlé Waters N. Am., Inc.*, 2022 WL 2971991, at *2, *8 (S.D.N.Y. July 27, 2022) (dismissing GBL and breach of warranty claims); *Dwyer v. Allbirds, Inc.*, 598 F. Supp. 3d 137, 149 (S.D.N.Y. 2022) (same).

Setting aside that the New York Times article does not in any manner demonstrate that migrant child labor is used in Ben & Jerry's supply chain, the complaint does not allege that Ben & Jerry's made any false or misleading statements about migrant child labor. In fact, the *only* affirmative label statement identified is that Ben & Jerry's "strive[s] to make the best possible ice cream in the best possible way." Compl. ¶ 17. Not only is this statement nonactionable puffery, it does not plausibly convey the message plaintiff alleges (an affirmative statement promising to eliminate the possibility of migrant child labor). *See Sibrian v. Cento Fine Foods, Inc.*, 2020 WL 3618953, at *4 (a plaintiff's reliance on her *own* conclusory statement about what the challenged representation meant did not amount to a plausibly alleged fact).

Unable to come forward with any plausible allegation that there is any false or misleading statements on Ben & Jerry's product labels, plaintiff attempts to tie his false advertising claims to statements by Ben & Jerry's that relate to its commitment to social justice. *See, e.g.,* Compl. ¶ 20. But simply identifying Ben & Jerry's corporate policies cannot save his complaint.

As an initial matter, plaintiff does not allege that he *reviewed* the website or other statements he references, much less that any of the statements was *material* to his purchasing decision. *See Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015) (must allege facts "that, on account of a materially misleading practice, she purchased a product"); *Earth Island v. The Coca-Cola Company*, 2022 WL 18492133 at *4 (D.C. Super. Ct. Nov. 10, 2022) (statements not appearing on the product or not directly tied to the product are not actionable); *Ehlers v. Ben & Jerry's Homemade, Inc.*, 2020 WL 2218858 at *7 (D. Vt. May 7, 2020) (to be actionable, "consumer would need to access [challenged website statement] in advance of or contemporaneously with his . . . purchasing decision").

Regardless, as numerous courts have ruled, these types of statements or opinions regarding corporate ethos, forward-looking corporate goals, and generalized statements of corporate values are *not* actionable, particularly with respect to false advertising claims directed at a particular product. *See Ehlers*, 2020 WL 2218858 at *5-7 (complaint challenging the same and similar statements regarding Ben & Jerry's ice cream dismissed); *Earth Island*, 2022 WL 18492133 at *2 ("future goals or vague corporate ethos" not actionable); *Myers v. Starbucks Corp.*, 2020 WL 13302437, at *5 (C.D. Cal. July 29, 2020) ("No reasonable consumer could interpret" sustainable sourcing statement "as a promise to eliminate unethical practices from its supply chain"); *Nat. Consumers League v. Walmart Stores, Inc.*, 2016 WL 4080541 (D.C. Super. Ct. July 22, 2016) ("General and unspecified statements are not actionable").

And even if these statements were actionable, plaintiff does not allege that any of them are deceptive. For example, the complaint identifies Ben & Jerry's industry-leading Caring Dairy program, as well as the Milk with Dignity program. Compl. ¶¶ 2, 15 & nn.2, 3. These two programs detail Ben & Jerry's initiatives regarding labor practices at dairy farms, but the complaint does not allege (nor could it) that any statements about those programs, including their goals and standards, are false. Similarly, the complaint highlights Ben & Jerry's goals of advancing human rights and conducting its business in a manner that is supportive of human rights and equal dignity. *Id*. ¶ 20. Again, nothing about the New York times article renders that false. If anything, it highlights the need for more companies to follow Ben & Jerry's lead with programs like Milk with Dignity.

The breach of warranty claim fails for these same reasons, as well as plaintiff's failure to allege pre-suit notice of a breach *or* privity of contract. *Valcarcel v. Ahold U.S.A., Inc.*, 577 F. Supp. 3d 268, 282 (S.D.N.Y. 2021) (pre-suit notice required); *Ebin v. Kangadis Food Inc.*, 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013) (privity required).

Very truly yours,

Dale J. Giali